UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

FILED - GR
June 10, 2014 10:26 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_ns_/_____ SCANNED BY LV 6/10

Seth Miller
   *Plaintiff.*

Case# 1:14-cv-583

Vs.

Weltman, Weinberg & Reis Co., LPA
   *Defendant*

## PLAINTIFFS FIRST AMENDED COMPLAINT

Plaintiff, Seth Miller hereby sues Defendant Weltman, Weinberg & Reis Co., LPA.

### PRELIMINARY STATEMENT

This is an action for damages brought for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681, et seq.

### JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is Seth Miller, a natural person, who resides in Barry County, Michigan.

4. The Defendant in this lawsuit is Weltman, Weinberg & Reis Co., LPA, a foreign entity with offices at 525 Vine St Ave, Suite 1020, Cincinnati, OH 45202.

## VENUE

5. The occurrences which give rise to this action occurred in Barry County, Michigan and Plaintiff resides in Barry County, Michigan.

6. Venue is proper is proper pursuant to 28 U.S.C. §1391b. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

## GENERAL ALLEGATIONS

7. Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

8. Plaintiff found after examination of his Transunion consumer credit report that Defendant Weltman, Weinberg & Reis Co., LPA had obtained Plaintiff's Transunion consumer credit report on March 4, 2013.

9. Discovery of violations brought forth herein occurred in December 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

## COUNT I

### VOILATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, et seq WILLFUL NON-COMPLIANCE BY DEFENDANT WELTMAN, WEINBERG & REIS CO,. LPA

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a (f).

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a (d).

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

15. Such permissible purpose as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of inquiry.

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Weltman, Weinberg & Reis Co., LPA.

17. On **March 4, 2013** Defendant obtained the Transunion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b.

18. Plaintiff sent a notice to Weltman, Weinberg & Reis Co., LPA of their violation of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations before taking civil action against them.

19. At no time did Plaintiff give his consent for Weltman, Weinberg & Reis Co., LPA to acquire his consumer credit report from any credit reporting agency.

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

21. At no time has Weltman, Weinberg & Reis Co., LPA ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any **legitimate** permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages for breach of said duty.

WHEREFORE, Plaintiff demands judgment for damages against Defendant, Weltman, Weinberg & Reis Co., LPA. for statutory damages of $1000.00, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n.

Dated: 6/9/14

Respectfully Submitted,

Seth Miller
110 Florence St.
Woodland, MI 48897
Millersg@outlook.com

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of **PLAINTIFFS FIRST AMENDED COMPLAINT** was mailed via USPS to the clerk of the U.S. District Court, Western District of Michigan on June 9th, 2014 and to the parties below.

Weltman, Weinberg, & Reis Co., LPA
525 Vine St Ave, Suite 1020
Cincinnati, OH 45202

*/s/ Seth Miller*
Seth Miller
110 Florence St.
Woodland, MI 48897
Millersg@outlook.com