UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Seth Miller,<br><br>        Plaintiff,<br>v.<br><br>Weltman, Weinberg & Reis Co., LPA<br><br>        Defendant. | Case No. 1:14-cv-00583<br>Hon. Judge Paul L. Maloney |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Weltman, Weinberg & Reis Co., LPA ("Defendant"), through its counsel, for its Answer to Plaintiff's First Amended Complaint, state as follows:

JURISDICTION

1. This court has jurisdiction under 15 U.S.C. § 168lp and 28 U.S.C. § 1331.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph because the allegations set forth conclusions of law for which no response is required.**

2. All conditions precedent to the bringing of this action have been performed.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph because the allegations set forth conclusions of law for which no response is required.**

PARTIES

3. The Plaintiff in this lawsuit is Seth Miller, a natural person, who resides in Barry County, Michigan.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations.**

4. The Defendant in this lawsuit is Weltman, Weinberg & Reis Co., LPA, a foreign entity with offices at 525 Vine St, Suite I020, Cincinnati, OH 45202.

**ANSWER: Admitted.**

## VENUE

5.       The occurrences which give rise to this action occurred in Barry County, Michigan and Plaintiff resides in Barry County, Michigan.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations.**

6.       Venue is proper is proper pursuant to 28 U.S.C. §139lb. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here, and the conduct complained of occurred here.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required except to admit that Defendant transacts business in this district.**

## GENERAL ALLEGATIONS

7.       Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations.**

8.       Plaintiff found after examination of his Transunion consumer credit report that Defendant Weltman, Weinberg & Reis Co., LPA had obtained Plaintiff's Transunion consumer credit report on March 4, 2013.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph because the allegations set forth conclusions of law for which no response is required. To the extent Defendant obtained Plaintiff's report as alleged, Defendant had a permissible purpose to so do pursuant to 15 U.S.C. § 1681b(a)(3)(A), which authorizes entities such as Defendant to obtain such reports for the review or collection of an account of a consumer placed for collection.**

9. Discovery of violations brought forth herein occurred in December 2013 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required.**

COUNT I

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, *et seq*. WILLFUL NON-COMPLIANCE BY DEFENDANT WELTMAN, WEINBERG & REIS CO., LPA**

10. Paragraphs 1 through 9 are re-alleged as though fully set forth herein.

**ANSWER: Defendant incorporates its prior responses as if fully set forth in this paragraph.**

11. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required.**

12. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 168la(f).

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required.**

13. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required.**

14. The FCRA, 15 U.S.C. § 1681b defines the permissible purpose for which a person may obtain a consumer credit report.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required except to admit that 15 U.S.C. § 1681b(a)(3)(A) authorizes entities such as Defendant to obtain consumer reports for the review or collection of an account of a consumer placed for collection.**

15. Such permissible purpose as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of inquiry.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required except to admit that 15 U.S.C. § 1681b(a)(3)(A) authorizes entities such as Defendant to obtain consumer reports for the review or collection of an account of a consumer placed for collection.**

16. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from Weltman, Weinberg & Reis Co., LPA.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required except to admit that 15 U.S.C. § 1681b(a)(3)(A) authorizes entities such as Defendant to obtain consumer reports for the review or collection of an account of a consumer placed for collection.**

17. On March 4, 2013 Defendant obtained the Transunion consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 168lb.

**ANSWER: Denied as untrue.**

4

18. Plaintiff sent a notice to Weltman, Weinberg & Reis Co., LPA of their violation of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations before taking civil action against them.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations and because the allegations set forth conclusions of law for which no response is required.**

19. At no time did Plaintiff give his consent for Weltman, Weinberg & Reis Co., LPA to acquire his consumer credit report from any credit reporting agency.

**ANSWER: Defendant neither admits nor denies the allegations in this paragraph for lack of knowledge or information sufficient to form a reasonable belief as to the truth of the allegations except to admit that 15 U.S.C. § 1681b(a)(3)(A) authorizes entities such as Defendant to obtain consumer reports for the review or collection of an account of a consumer placed for collection.**

20. The actions of Defendant obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of the FCRA, 15 U.S.C. §1681b and an egregious violation of Plaintiff's right to privacy.

**ANSWER: Denied as untrue.**

21. At no time has Weltman, Weinberg & Reis Co., LPA ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiffs credit report and Defendant breached said duty by failing to do so. There was no account that Defendant had any right to collect to have had permissible purpose to obtain Plaintiffs credit report and therefore Plaintiff is entitled to damages for breach of said duty.

**ANSWER: Denied as untrue.**

**WHEREFORE**, Defendant Weltman, Weinberg & Reis Co., LPA respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, and that Defendant be

awarded its costs and attorney fees incurred in defending this matter, along with all other appropriate relief.

                                                  Respectfully submitted,

                                                  /s/ Charity A. Olson
                                                  Charity A. Olson (P68295)
                                                  OLSON LAW GROUP
                                                  2723 S. State St., Suite 150
                                                  Ann Arbor, MI 48104
                                                  Tel:   (734) 222-5179
                                                  Fax:  (866) 941-8712

Dated: July 7, 2014                                   colson@olsonlawpc.com

## AFFIRMATIVE DEFENSES

Defendant Weltman, Weinberg & Reis Co., LPA ("Defendant"), through its counsel, for its Affirmative Defenses, states as follows:

1. Any allegations not specifically admitted in Defendant's Answer are denied.

2. With respect to some or all of the claims, Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendant.

3. To the extent this Court lacks jurisdiction over some or all of the claims set forth in Plaintiff's Complaint, Defendant pleads this as a bar to recovery.

4. To the extent Plaintiff lacks standing to assert claims under the FCRA, Defendant pleads this as a bar to recovery.

5. To the extent Defendant is adjudged to have violated the law, such violation(s) were neither intentional, nor willful.

6. Plaintiff's claims may be barred, in whole or in part, to the extent Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities over whom Defendant had no control or authority.

7. Plaintiff's claims may be barred, in whole or part, to the extent Plaintiff's damages, if any, were caused by his own acts and/or omissions.

8. Plaintiff has sustained no damages attributable to Defendant's alleged actions or omissions.

9. Plaintiff's claims may be barred by waiver, consent, estoppel, laches or unclean hands.

10. Defendant owes no legal duty to Plaintiff. Alternatively, Defendant did not breach any duty to Plaintiff.

11. Defendant did not act willfully or with malice.

12. Plaintiff's damages, if any, are speculative. Alternatively, Plaintiff has failed to mitigate his damages, if any.

13. Plaintiff has not complied with the provisions of the FCRA and, therefore, his claims are pre-empted or barred as a matter of law.

14. Defendant reserves all defenses available under the FCRA and any corresponding rules or regulations promulgated thereunder.

15. Defendant reserves the right to amend these defenses as provided for under the court rules.

Respectfully submitted,

/s/ Charity A. Olson
Charity A. Olson (P68295)
OLSON LAW GROUP
2723 S. State St., Suite 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
colson@olsonlawpc.com

Dated: July 7, 2014

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on July 7, 2014, via the Court Clerk's CM/ECF system, which will provide notice to all counsel of record.

/s/ Charity A. Olson
Charity A. Olson (P68295)